IN IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No.:

MELANIE POUNDS,

    Plaintiff,

v.

ANDREW CANADA &
GLOBALRX, INC.,

    Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Melanie Pounds, and brings this action for relief under 42 U.S.C. § 1981 and common law claims for assault and battery against named defendants.

## PARTIES

1. Plaintiff Melanie Pounds (hereinafter referred to as Plaintiff) is an African-American citizen and resident of Mebane, Alamance County, North Carolina.

2. Upon information and belief, Defendant Andrew Canada is a resident of Efland, Orange County, North Carolina.

3. Defendant Globalrx, Inc. is a North Carolina corporation headquartered and doing business in Orange County and the Middle District of North Carolina.

4. Defendant Andrew Canada is the owner and/or employee or agent of Globalrx, Inc.

5. Defendant Andrew Canada is the dominant corporate owner or officer of Globalrx, Inc. and the "alter ego" of Globalrx, Inc., in his actions towards Plaintiff and other employees.

1

## I. JURISDICTION AND VENUE

6. This case presents an actual case and controversy arising under the provisions of 42 U.S.C. § 1981.

7. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, and the United States Constitution because this case arises under the Constitution and laws of the United States. Original jurisdiction over this case is also conferred upon this Court pursuant to 28 U.S.C. § 1343(a) because this action is to redress the deprivation by Defendants of rights, privileges, and immunities granted to Plaintiff by the United States Constitution.

8. This Court has pendent jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9. The grossly negligent acts, omissions, and liability of all named Defendants including their agents, principles, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, actual authority, apparent authority, actual agency, ostensible agency and/or *respondeat superior*, as well as the acts and/or omissions of the above-named Defendants, were a direct and proximate cause of the injuries, damages, and losses sustained by the Plaintiff.

10. At all times mentioned herein, Defendant Canada was acting as the dominant owner and alter ego of Globalrx, Inc., and conspired with Globalrx, Inc. to deny the Plaintiff's Constitutional rights solely due to her race.

## II. FACTS

11. Plaintiff was employed as a pharmaceutical broker for Globalrx, Inc.

12. Ms. Pounds worked for Globalrx, Inc. beginning in or about September 2013.

2

13. Repeatedly and consistently, Canada who supervised Plaintiff and ran the day-to-day operations of the company made racist jokes, stereotypical remarks, intentionally discriminated against and allowed racial discrimination in the workplace and against Plaintiff.

14. Defendants' intentional discriminatory conduct against Plaintiff due to her race was continuous in nature until she was terminated on or about February 2, 2022.

15. Plaintiff was forced to work with Globalrx employee Matt Barnes, a shipping manager and Plaintiff's subordinate, who continually made disrespectful comments regarding Plaintiff and refused to follow Plaintiff's request to ship orders to customers.

16. When Plaintiff reported the insubordinate actions of Matt Barnes to Defendant Canada, Canada admitted to Plaintiff that Mr. Barnes' actions and behavior towards Plaintiff was because Barnes was a racist but intentionally refused terminate, discipline or counsel Barnes to stop his discriminatory behavior.

17. Canada offered employees, including Ms. Pounds, "Twenty dollars to anyone that could answer the question 'what do you call all blacks?' " and then responded, "The Jamaican bobsled team? No, It's the county jail."

18. After summarily firing another black employee who did not have the opportunity to have adequate training, Canada, in the presence of Ms. Pounds and other white employees, stated to Plaintiff that she was "one of the good ones."

19. Canada stated and speculated in a boastful manner that a white employee, who was from South Carolina had ancestors that owned the ancestors of black employees.

20. Canada treated African American employees differently, more harshly and in a demeaning manner.

3

21. For example, Canada only granted Afro-American a paid holiday for the Martin Luther King holiday, while requiring white employees to work on the holiday.

22. On or about February 1, 2022, Canada held a company meeting with all or most employees to announce a substantial change or elimination of Globalrx's sick leave policy.

23. During this company meeting, Ms. Pounds as well at least three other white co-workers asked questions regarding the policy change and expressed their concerns.

24. The next day Canada reprimand four employees who expressed their concerns in the meeting, but terminated Ms. Pounds, who was the only black employee among the four.

25. On February 2, 2022, while terminating Ms. Pounds, Canada pulled up his chair to Ms. Pounds' cubicle -- to an intimidatingly close proximity to Ms. Pounds. He then accused her of being aggressive.

26. Intentionally and with discriminatory intent Canada terminated the employment of Pounds and advised her to return her employee badge.

27. Rose, an employee who observed or knew of the termination was crying and apologized to Ms. Pounds. As Rose approached Ms. Pounds, they hugged and in response Canada physically pushed Ms. Pounds with two hands.

28. Plaintiff was discriminatorily fired due to her race, despite her excellent and long-term performance.

29. Plaintiff's last Employee Evaluation dated September 26, 2022, and written by Andrew Canada gave Ms. Pounds the highest evaluation of Excellent in five out of six rated categories and included the following comments:

> *KNOWLEWGE OF JOB IS EXCELLENT*
> *NO ISSUES REGARDING QUAILITY-RARELY IF EVER MAKES MISTAKES.*
> *EXCELLENT (Attendance/Punctuality)*
> *EXCELLENT (Communication/Listening Skills)*

*RARELY MISSES WORK-TAKES ON ADDITIONAL RESPONSIBILITY FOR OTHER BROKERS WHO MAY BE ON VACATION OR SICK.*

In the remaining category, Initiative, Canada evaluated her as four out of five, a rating of Good and commented, *"PERFERS TO STAY IN THE BACKGROUND DURING STAFF MEETINGS- LITTLE OPPORTUNITY TO BE INNOVATIVE IN HER POSITION"* and stated an agreed upon by manager and employee a goal to *"CONTRIBUTE MORE TOWARDS IMPROVING PROCEDURES, TAKE AN ACTIVE RULE IN STAFF MEETINGS."*

30. Due to the battery of Plaintiff, a warrant was issued for Canada's arrest for battery.

31. In a criminal mediation agreement signed by the Plaintiff and Andrew Canada, Defendant Canada stated, "Andrew Canada admits that he did not have consent to touch Melaine Pounds and agrees to attend anger management course or classes.

## FIRST CAUSE OF ACTION
## RACE DISCRIMINATION

32. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

33. Defendants intentionally discriminated against Plaintiff due to her race when she was terminated for engaging in protected conduct while three white employees that engaged in the same conduct were not terminated.

34. Defendants intentionally discriminated against Plaintiff on the basis of her race when Canada intentionally pushed, assaulted and battered the Plaintiff while at the workplace.

35. The intentional acts of Defendants violate § 1981 of the Civil Rights Act of 1866.

36. Defendants' violations and actions have caused economic damages and emotional distress to Plaintiff.

## SECOND CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT

37. The preceding paragraphs are hereby incorporated by reference and re-alleged as if fully set forth herein.

38. Defendants subjected the Plaintiff to a racially hostile work environment when her supervisors and the company owner repeatedly subjected her to racially disparaging comments. Defendants were made aware of this behavior but failed to take any action to prevent the recurrence.

39. The intentional acts of Defendants violate § 1981 of the Civil Rights Act of 1866.

40. Defendants' violations and actions have caused economic damages and emotional distress to Plaintiff.

### THIRD CAUSE OF ACTION
### RETALIATION

41. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

42. Defendant retaliated against Plaintiff by terminating her employment. Prior to her discharge, Plaintiff had made repeated complaints of discrimination to company owner Defendant Canada about the constant illegal behavior of her supervisors.

43. Plaintiff's protected activity was causally related to her termination.

44. The intentional acts of Defendants violates § 1981 of the Civil Rights Act of 1866.

45. Defendants' violations and actions have caused economic damages and emotional distress to Plaintiff.

46.

### FORTH CAUSE OF ACTION
### ASSAULT AND BATTERY

47. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

48. On or about February 2, 2022, Defendant Canada intentionally placed Plaintiff in reasonable apprehension of her physical safety by encroaching upon her personal space while cornering her in a cubicle.

49. This intimidating interaction occurred prior to the start of the work day when only Plaintiff and Canada were present in the building.

50. After other employees began to enter the workplace, Canada moved the conversation to a conference space where he continued to verbally attack Ms. Pounds before ordering her to retrieve her employee badge and leave the building.

51. Fearing for her safety around the visibly irate Canada, Ms. Pounds followed the instructions to leave the building.

52. While she was leaving the building, Canada physically pushed Ms. Pounds.

53. Canada did not have consent to physically touch or push Plaintiff.

54. As a result of the intentional actions of Canada, Plaintiff suffered emotional distress and ridicule, as this incident was witnessed by co-workers.

55. At all times relevant Canada was acting as the alter ego and dominant owner of Defendant Globalrx, Inc.

### III.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, by and through undersigned counsel of record, having set forth his claims against the Defendants, hereby prays of the Court that she have and recover of the Defendants, the following:

1. That Plaintiff have and recover of the Defendants, jointly and severally, a judgment for compensatory damages, plus pre-judgment interest from the date of the filing of this action and post-judgment interest until any verdict;

2. That Defendants be taxed with the costs of this action;

3. That Plaintiff recover reasonable attorney's fees and costs as provided by North Carolina law and 42 § U.S.C. 1988;

4. That Plaintiff receive a trial by jury on all issues triable by jury;

5. For other such relief to which the Plaintiff may be entitled given the allegations set forth herein; and

6. For any such other and further relief, in law or in equity, as the Court may deem just and proper.

**THIS** the 9th day of July, 2024.

*s/Charles Ali Everage*
Charles Ali Everage, NCSB #28267
**Hunter & Everage, PLLC**
Post Office Box 25555
Charlotte, North Carolina 28229
(p) 704-377-9157
(f) 704-377-9160
(e) cae@hunter-everage.com
    glm@hunter-everage.com

8